**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| NEODRON LTD.,<br><br>            Plaintiff,<br><br>      v.<br><br>STMICROELECTRONICS N.V.;<br>STMICROELECTRONICS, INC.;<br>STMICROELECTRONICS (NORTH<br>AMERICA) HOLDING, INC.,<br><br>            Defendants. | C.A. No. 6:20-CV-00560-ADA<br><br>**JURY TRIAL DEMANDED** |

**JOINT MOTION FOR ENTRY OF DISPUTED SCHEDULING ORDER**

Neodron Ltd., STMicroelectronics, Inc. and STMicroelectronics (North America) Holding, Inc. have a dispute regarding the schedule following the *Markman* hearing. A proposed schedule comparing each of the parties' positions to the Sample Order Governing Proceedings—Patent Case ("Default Schedule") is set forth below. The bulk of the parties' dispute centers on when the trial date should be and the length of the fact discovery period.

**Neodron's Position:**

If STMicroelectronics had actual issues with the Estimated Trial Date, including reasonable adjustments to the default dates flowing from the Estimated Trial Date, STMicroelectronics did not advise Ms. Santasawatkul of this issue prior to the cancellation of this CMC despite Ms. Santasawkul advising the parties of the Estimated Trial Date. *See generally* Ex. B. Neodron's proposal adopts the Estimated Trial Date of December 27, 2021 advised by Ms. Santasawatkul, *see* Ex. B (10/21 Email from. Ms. Santasawatkul), a date that appears to work best for the Court and which Neodron prefers. Based on this date, which is three months shorter than

the date that is 52 weeks after the Markman (March 25, 2022), Neodron proposes shortening the fact discovery period by a reasonable and modest two months from 10/22/22 under the default schedule to 8/20/22, which Neodron believes is more than sufficient time for the parties to conduct fact discovery. Neodron does not believe that this case necessitates a longer discovery period, based on experience Neodron has had with other cases before this Court that are even more complex and which feature more patents. Indeed, the Order Governing Proceedings contemplates that "reasonable amendments to the case schedule" are permitted "in light of the actual trial date." *See* D.I. 22 at n.6. Additionally, STMicroelectronics appears to be represented by competent counsel, mitigating concerns of unfair prejudice.

Neodron further advises this Court that the issues here overlap with two other cases. Out of efficiency considerations for this Court and the parties, Neodron requests that any schedule adopted by this Court be the same as those in the following actions: *Neodron Ltd. v. Cypress Semiconductor Corp.*, 6:20-cv-523-ADA, *Neodron Ltd. v. STMicroelectronics N.V.*, et al., 6:20-cv-00560-ADA, and *Neodron Ltd. v. Renesas Electronics Corp., et al.*, 6:20-cv-00529-ADA.

**STMicroelectronics, Inc. and STMicroelectronics (North America) Holding, Inc.'s Position:**

The full fact discovery period contemplated by the Default Schedule is needed in this case. While STMicroelectronics, Inc. ("ST Inc.") and STMicroelectronics (North America) Holding, Inc.'s ("ST North America") are committed to the quick and efficient resolution of this dispute, cutting the Default Schedule by three months—as would be required for trial to proceed in Demember, 2021—will unfairly prejudice ST Inc. and ST North America by depriving both entities of the opportunity to fully and fairly develop their defenses.  Given the number of patents at issue, the number and complexity of the accused products, and that Plaintiff, third party inventors, and unserved party STMicroelectronics N.V. are all foreign entities will require

additional time to coordinate and obtain relevant discovery.

Moreover, the December 27, 2021 tentative trial date overlaps winter holidays when ST Inc. and ST North America are closed. Testifying at trial will place an undue burden on ST Inc. and ST North America by potentially requiring their respective witnesses to travel and participate during a time when the company is closed. Imposing this hardship is not necessary to resolve this action. The holiday break—December 24th through January 4th, when ST Inc. and ST North America's offices are closed—is also the reason why ST proposes exchanging proposed claim construction on January 8, 2021, so that it may have the benefit of allowing the relevant individuals at ST to review and comment on any proposed constructions.

Counsel for Neodron is correct that the schedule for trial was not raised in response to Ms. Santasawatkul's email. ST Inc. and ST North America perceived the correspondence and the determinination of cancelling the Case Management Conference to focus primarily on pre-*Markman* issues and not trial scheduling matters. Additionally the Court's Order Governing Proceedings – Patent Case states that "[t]he Court expects to set [the trial] dates at the conculsion of the *Markman* Hearing," and therefore ST Inc. and ST North America did not raise the issue at that time.

While ST Inc. and ST North America understand that Plaintiffs' proposed schedule is based on the December 27, 2021 tentative trial date, ST Inc. and ST North America respectfully request that this Court adopt ST Inc. and ST North America's proposed schedule in this action to ensure that both entities are given the opportunity to fully and fairly defend against Neodron's allegations.

## Exhibit A

| Default Schedule | Neodron's Proposed Deadline | ST Inc. and ST North America's Proposed Deadlines | Item |
|---|---|---|---|
| 10/9/2020 | 10/9/2020 | | Plaintiff serves preliminary‡ infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 10/30/2020 | 10/30/2020 | | Deadline for Motions to Transfer |
| 12/4/2020 | 12/11/2020 | | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused products for the prior two years, unless the parties agree to some other timeframe. |
| 12/18/2020 | 12/23/2020 | | Parties exchange claim terms for construction. |
| 1/1/2021 | 1/8/2021 | | Parties exchange proposed claim constructions. |
| 1/8/2021 | 1/8/2021 | | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert |

---

‡ The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | | | |
|---|---|---|---|
| | | | witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefore.  A failure to summarize the potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony.  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 1/15/2021 | 1/15/2020 | | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 1/22/2021 | 1/22/2020 | | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| 2/12/2021 | 2/12/2020 | | Parties file Responsive claim construction briefs. |
| 2/26/2021 | 2/26/2020 | | Parties file Reply claim construction briefs. |
| 3/5/2021 | 3/5/2020 | | Parties submit Joint Claim Construction Statement. In addition to filing, the parties shall jointly submit, via USB drive, Box (not another cloud storage),§ or email to the law clerk, pdf versions of all as-filed briefing and exhibits. Each party shall deliver to Chambers paper copies of its Opening, Response , and Reply Markman Briefs, omitting attachments. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 3/26/21 | 3/26/21 | | Markman Hearing at 1:30 p.m. C.T. |

| | | | |
|---|---|---|---|
| 3/29/21 | 3/29/21 | | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 5/7/21 | 4/30/21 | | Deadline to add parties. |
| 5/21/21 | 5/14/21 | 5/21/21 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to |

---

§ To the extent a party wishes to use cloud storage, the parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

|  |  |  | seasonably amend if new information is identified after initial contentions. |
|---|---|---|---|
| 6/18/21 | 5/28/21 | 6/18/21 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. |
| 9/24/21 | 7/23/21 | 9/24/21 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 10/22/21 | 8/20/21 | 10/22/21 | Close of Fact Discovery. |
| 10/29/21 | 8/27/21 | 10/29/21 | Opening Expert Reports. |
| 11/26/21 | 9/17/21 | 11/26/21 | Rebuttal Expert Reports. |
| 12/17/21 | 10/8/21 | 12/17/21 | Close of Expert Discovery. |
| 12/24/21 | 10/15/21 | 12/24/21 | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 12/31/21 | 10/22/21 | 12/31/21 | Dispositive motion deadline and Daubert motion deadline. |
| 1/14/22 | 11/5/21 | 1/14/22 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 1/28/22 | 11/19/21 | 1/28/22 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 2/4/22 | 11/26/21 | 2/4/22 | Serve objections to rebuttal disclosures and File Motions in limine. |
| 2/11/22 | 12/3/21 | 2/11/22 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions in limine |
| 2/18/22 | 12/7/21 | 2/18/22 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making |

| | | | |
|---|---|---|---|
| | | | said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions in limine. |
| 3 business days before Final Pretrial Conference. | 12/10/21 | 3/1/22 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in limine. |
| Weeks after Markman hearing (or as soon as practicable) | 12/14/21 | 3/4/22 | Final Pretrial Conference.  The Court expects to set this date at the conclusion of the Markman hearing. |
| 52 weeks after Markman hearing (or as soon as practicable) | 12/27/21 | 3/25/22 | Jury Selection/Trial.  The Court expects to set this date at the conclusion of the Markman Hearing.<br><br>Neodron: The Court has advised on 10/21/20 that 12/27/21 is the Estimated Trial Date |

Dated: October 30, 2020

Respectfully submitted,

By: */s/ Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
Paul A. Kroeger (CA SBN 229074)
Philip X. Wang (CA SBN 262239)
Kent N. Shum (CA SBN 259189)
Jonathan Ma (CA SBN 312773)
C. Jay Chung (CA SBN 252794)
RUSS AUGUST & KABAT
12424 Wilshire Blvd., Ste. 1200
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile:  (310) 826-6991
Email:      rmirzaie@raklaw.com
            pkroeger@raklaw.com
            pwang@raklaw.com
            kshum@raklaw.com
            jma@raklaw.com
            jchung@raklaw.com

*Attorneys for Plaintiff* **Neodron Ltd.**

By: */s/ Vishal Patel*
**Vishal Patel**
  Texas State Bar No. 24065885
Vishal.Patel@tklaw.com
**Bruce S. Sostek**
  Texas State Bar No. 18855700
Bruce.Sostek@tklaw.com
**Natalie M. Cooley**
Texas State Bar No. 24079912
  Natalie.Cooley@tklaw.com
**Nadia Haghighatian**
  Texas State Bar No. 24087652
Nadia.Haghighatian@tklaw.com

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1386
214.880.3267 (Fax)

**ATTORNEYS FOR DEFENDANT STMICROELECTRONICS (NORTH AMERICA) HOLDING, INC.**